## DIME SAVINGS INSTITUTION v. AMERICAN SURETY COMPANY OF NEW YORK.

Submitted July 5, 1902—Decided November 10, 1902.

1. To a declaration on a bond with condition, setting out the condition and specifically assigning breaches, *non damnificatus* is not a good plea. The breaches must be traversed with conclusion to the country.
2. In a suit upon an agreement to indemnify, in order to make any statements of the party indemnified at the time of the execution of the agreement binding as warranties, they must appear upon the face of the agreement sued on; they must either be expressly set out, or, by inference, incorporated in the agreement. If they are not so, they are representations and not warranties.

---

On demurrer to replications.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and GARRETSON.

For the plaintiff, *Richard V. Lindabury.*

For the defendant, *Coult, Howell & Ten Eyck.*

The opinion of the court was delivered by

VAN SYCKEL, J. The declaration is upon an agreement by the defendant to make good and reimburse the plaintiff for all pecuniary loss sustained by it by reason of the fraud or dishonesty of one Charles R. Westervelt, an employe of the plaintiff.

The declaration sets out specifically the various sums of money lost by the fraud and embezzlement of said Westervelt within the insured period, and annexed thereto is a copy of said agreement, which is made part of the declaration.

The first plea of the defendant is *non damnificatus,* concluding with a verification.

The plaintiff replied to this plea, amplifying somewhat the statement of the breaches of the agreement on the part of Westervelt.

The defendant demurred to this replication to the first plea.

It is obvious that the plea of *non damnificatus* is no answer to a declaration which particularly specifies the breaches. The declaration clearly shows a breach, and the plaintiff's injury thereby, and therefore the averment of this plea is, in substance, a declaration that the plaintiff was not injured by having various large sums of money embezzled by Westervelt. The plea is vicious.

The defendant has framed its pleas as if the agreement sued upon was a bond with condition to save harmless.

On such bonds prior to the statute of 8 & 9 *Wm. III., ch.* 11, § 8, the plaintiff declared upon the obligation of the bond without setting forth the condition.

Then the defendant craved oyer of the condition of the bond, and if the condition was merely to indemnify and save harmless, he could plead *non damnificatus,* which is a general denial, and compel the plaintiff, in his replication, to assign breaches specifically.

But· when the condition of the bond was to perform any particular act, it was necessary to plead performance of that act.

After the passage of 8 & 9 *Wm. III., ch.* 11, § 8, it was necessary for plaintiff, in his declaration on such bonds, and on all bonds with a few exceptions, to set out the condition and show breaches.

The defendant, in that case, could not plead the general denial, *non damnificatus,* but was required to traverse the breaches assigned, and conclude to the country. 2 *Chit. Pl.* (*ed.* 1809) 481; *Cutler* v. *Southern,* 1 *Saund.* 116, *note* 1; *Holmes* v. *Rhodes,* 1 *Bos. & P.* 638, 640; 5 *Went. Pl.* 490.

The plea of *non damnificatus* is bad, and should be stricken out; and as that is the first error in pleading, judgment must be rendered for plaintiff on this demurrer, with costs.

The fifth plea of the defendant is as follows:

"And the said defendant, by like leave of the court here for this purpose first had and obtained, says that the said plaintiff ought not to have or maintain its aforesaid action thereof against it, the defendant, because it says that the said plaintiff did not, with the said claim made by it upon the defendant for twenty thousand dollars for its alleged liability upon the said bond, or at any other time, furnish to the defendant, *or accompany the said claim with a written statement of such alleged loss, certified by the duly-authorized officer or representative of the said plaintiff,* and based upon ·the accounts of the plaintiff, as provided in and by the said bond, a copy of which is annexed to the declaration and made part thereof; and this the defendant is ready to verify; wherefore it prays judgment if the said plaintiff ought to have or maintain its aforesaid action thereof against the defendant."

To this plea the plaintiff replied as follows, and the defendant demurred to this replication:

"And the said plaintiff, for a further replication to the said amended plea of the said ·defendant by it *fifthly* above pleaded, by leave of the court here for this purpose first had and obtained, saith that it, the said plaintiff, by reason of

anything by the said defendant in that plea alleged, ought not to be barred from having and maintaining its aforesaid action thereof against the said defendant, because it saith that it, *the plaintiff, did,* with the claim made by it upon the said defendant in the said plea mentioned, *furnish to the defendant a written statement of the loss mentioned in the said claim and in the said declaration, as nearly as the same could then be ascertained and according to the best of the plaintiff's knoweldge, information and belief,* which said statement was certified by the duly-authorized officer or representative of the plaintiff, and was based upon the accounts of the plaintiff; and this it, the said plaintiff, is ready to verify; wherefore it prays judgment and its damages by reason of the non-payment of the said sum of twenty thousand dollars in said declaration mentioned to be adjudged to it," &c.

There is no express or implied agreement that the plaintiff shall furnish to defendant a written statement of the alleged loss, certified by the duly-authorized officer, and based upon the accounts of the plaintiff. The agreement states what shall be *prima facie* evidence, but expressly requires satisfactory proof, which is averred in the declaration.

The fifth plea, therefore, is also bad; but if it was a good plea, the replication to it is sufficient.

The defendant had a right to plead that satisfactory proof was not furnished, and did so in its fourth plea, on which issue is joined.

On this demurrer there must also be judgment for the plaintiff, with costs.

The defendant pleaded a twelfth plea, as follows:

"And a further plea in this behalf, the said defendant, by like leave of the court·here for that purpose first had and obtained, says that the said plaintiff ought not to have or maintain its aforesaid action against the defendant, because it says that the defendant was induced to execute and deliver the said bond in consequence of a certain representation or certificate in writing made and executed by the plaintiff, through its duly-authorized officer, to wit, James D. Orton, its president, and bearing date on the twenty-fourth day of

Dime Savings Inst. v. American Surety Co.     *68 N. J. L.*

May, eighteen hundred and ninety-three, and delivered to the defendant at the time of the delivery of said bond to the plaintiff, in and by which representation or certificate the plaintiff, among other things, represented and certified to the defendant that the accounts of said Westervelt had been examined on the ninth day of May, eighteen hundred and ninety-three, and found correct in every respect; and the defendant avers that it executed and delivered said bond relying upon the truth of the statements contained in said certificate, and that the plaintiff then understood that the said bond was so executed and delivered by the defendant in reliance upon the truth of said certificate, *and that the same was required by the defendant as a condition upon which said bond was delivered;* and the defendant avers that the said statement contained in said certificate, that the accounts of said Westervelt were last examined on the ninth day of May, eighteen hundred and ninety-three, and found correct in every respect, was not true, but the defendant says that the accounts of said Westervelt were not, in fact, on the ninth day of May, eighteen hundred and nintey-three, correct, but were false, and contained material and intentional misstatements of the true state of the accounts of said bank; and this the defendant is ready to verify; wherefore it prays judgment whether the plaintiff ought to have and maintain its aforesaid action against the defendant."

. To this plea the plaintiff filed two replications, as follows, which are demurred to by the defendant:

"And the said plaintiff, for a further replication to the said amended plea of the said defendant by it *twelflhly* above pleaded, by leave of the court here for this purpose first had and obtained, saith that it, the said plaintiff, by reason of anything by the said defendant in that plea alleged, ought not to be barred from having and maintaining its aforesaid action thereof against the said defendant, because it saith *that the accounts of the said Charles R. Westervelt with it, the plaintiff, in the said plea referred to, were, on the said ninth day of May, eighteen hundred and ninety-three, duly*

*and regularly examined by the auditing committee* of the board of managers of said bank, which committee reported to the plaintiff, on the said ninth day of May, eighteen hundred and ninety-three, that the said accounts were correct in every respect, and that, at the time the said supposed certificate was made, it, the plaintiff, and the said James D. Orton, its president, believed that the said report of the said auditing committee was correct and true; and this it, the said plaintiff, is ready to verify; wherefore it prays judgment and its damages by reason of the non-payment of the said sum of twenty thousand dollars in said declaration mentioned to be adjudged to it," &c.

"And the said plaintiff, for a further replication to the said amended plea of the said defendant by it *twelfthly* above pleaded, by leave of the court here for this purpose first had and obtained, saith that it, the said plaintiff, by reason of anything by the said defendant in that plea alleged, ought not to be barred from having and maintaining its aforesaid action thereof against the said defendant, because *it saith that the accounts of the said Westervelt with it, the plaintiff, were, in fact, examined on the ninth day of May, eighteen hundred and ninety-three, and were found correct in every respect,* in so far as could be ascertained upon such examination; and this it, the said plaintiff, is ready to verify; wherefore it prays judgment and its damages by reason of the non-payment of the said sum of twenty thousand dollars in said declaration mentioned to be adjudged to it," &c.

The statement of the plaintiff alleged, by the twelfth plea, to have been made to the defendant is not contained in the written agreement sued on, nor is any reference made to it in said agreement.

It must, therefore, be regarded as a representation, and not a warranty, under the rule adopted by our Court of Last Resort in *American Life Insurance Co.* v. *Day,* 10 *Vroom* 93. It was there held that, "in order to make any statements binding as warranties, they must appear upon the face of the instrument itself by which the contract of insurance is

effected; they must either be expressly set out, or by inference incorporated in the policy. If they are not so, they are not warranties, but representations."

It is essential, therefore, to good and sufficient pleading, that this twelfth plea shall contain an averment that the statement set forth therein was false to the knowledge of the plaintiff.

We think there is an absence of such necessary averment in the twelfth plea; but if it may be regarded otherwise, then the replications demurred to are good.

There must be judgment for plaintiff on this demurrer, with costs.